UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTONIO ORTIZ,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>JAMES E. TILTON, Secretary, et al.,<br><br>　　　　　　　　　Respondents. | Civil No.　06cv1752-L (CAB)<br><br>**ORDER STRIKING FIRST AMENDED PETITION [DOC. NO. 16] FROM DOCKET; DEEMING MOTION TO HOLD PROCEEDINGS IN ABEYANCE [Doc. No. 18] AS A MOTION TO FILE THE FIRST AMENDED PETITION AND AS A MOTION FOR STAY AND ABEYANCE; AND SETTING BRIEFING SCHEDULE** |

　　　　On August 25, 2006, Petitioner Marcos Antonio Ortiz ("Petitioner") filed his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] In the original Petition, Petitioner challenges his San Diego County Superior Court conviction in case number SCN 148098 for one count of assault, two counts of assault with a deadly weapon and two counts of felony vandalism. [Lodgment No. 1 at 171-175.] In the original Petition, Petitioner contends his federal constitutional rights were violated because: (1) the evidence was legally insufficient to prove co-defendant had the intent and the present ability to apply the physical force to Cortes and Laura Garcia, a necessary element of assault (and therefore Petitioner's convictions as an aider and abettor must be reversed); and (2) Petitioner's Sixth and Fourteenth Amendment rights to confrontation

were violated by the admission of testimonial statements by witnesses not subject to cross-examination by Petitioner. [*See* Doc. No. 1 at 20 - 39; Lodgment No. 7 at 5 - 42.][1]

Respondent filed his Answer [Doc. No. 7] and Memorandum of Points and Authorities in Support of Answer to Petition for Writ of Habeas Corpus [Doc. No. 7-2] on December 22, 2006. Petitioner did not filed a Traverse.

On May 5, 2008, this Court issued a Report and Recommendation to United States District Judge M. James Lorenz under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. [Doc. No. 14.] In the report and recommendation, this Court recommended that District Judge Lorenz issue an Order: (1) approving and adopting the Report and Recommendation, and (2) directing that Judgment be entered denying the Petition in its entirety.

On June 4, 2008, Petitioner filed his Objections to the Report and Recommendation. [Doc. No. 15.] On the same date, Petitioner also filed (erroneously and without required court approval) a First Amended Petition. [Doc. No. 16.] The First Amended Petition purports to set forth the same two exhausted claims set forth in the original petition, as well as one additional unexhausted claim having to do with whether a prior juvenile conviction could be relied upon to enhance his sentence. [Doc. No. 16 at 8.]

On June 12, 2008, this Court issued a discrepancy order [Doc. No. 17] accepting for filing Petitioner's Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies. [Doc. No. 18.]

/ / / / /

/ / / / /

/ / / / /

---

[1] The original federal Petition attaches and incorporates by reference Petitioner's Petition for Review with the California Supreme Court (state petition). [*See* Doc. No. 1 at 14 - 40.] The copy of the state petition attached to the original federal Petition only includes odd-numbered pages (presumably a copying error when the original federal Petition was prepared). An entire copy of the state petition, however, has been lodged with the Court as Lodgment No. 7. Therefore, this Court assumes that the arguments set forth in the original federal petition are identical to those presented in the state petition, contained in its entirety in Lodgement No. 7.

  After reviewing the most recent filings by Petitioner, **AND GOOD CAUSE APPEARING THEREFOR**, this Court **HEREBY ORDERS**:

  1. The First Amended Petition [Doc. No. 16], filed erroneously and without required court approval, is hereby **STRICKEN**. The Clerk of the Court is **HEREBY DIRECTED** to strike the First Amended Petition [Doc. No. 16] from the docket in this case. Further, the Clerk of the Court is **HEREBY DIRECTED** to attach the First Amended Petition as an exhibit to the Motion to Hold Proceedings in Abeyance. [Doc. No. 18.]

  2. The Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies [Doc. No. 18] is **HEREBY DEEMED** to be a Motion for Leave to File the First Amended Petition **AND** a Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies. Respondent shall have up to and including **July 23, 2008**, within which to file an opposition to the Motion for Leave to File the First Amended Petition and the Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies. Petitioner shall have up to and including **August 13, 2008,** within which to file a reply to the opposition to the Motion for Leave to File a First Amended Petition and the Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies. At that time, the Motion for Leave to File the First Amended Petition and the Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies will be deemed fully briefed and will be taken under submission. Unless otherwise ordered by this Court, no oral argument will be required.

  3. The Report and Recommendation issued by this Court on May 5, 2008 [Doc. No. 14] is **HEREBY STAYED** pending resolution of the Motion for Leave to File the First Amended Petition and the Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies.

  **IT IS SO ORDERED.**

DATED: June 23, 2008

              **CATHY ANN BENCIVENGO**
              United States Magistrate Judge