UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTONIO ORTIZ,<br><br>                              Petitioner,<br><br>      v.<br><br>JAMES E. TILTON, Secretary, et al.,<br><br>                              Respondents. | Civil No.   06cv1752-L (CAB)<br><br>**REPORT AND RECOMMENDATION DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. No. 18]** |

I. INTRODUCTION AND PROCEDURAL HISTORY

On August 25, 2006, Petitioner Marcos Antonio Ortiz ("Petitioner") filed his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] In the original Petition, Petitioner challenges his San Diego County Superior Court conviction in case number SCN 148098 for one count of assault, two counts of assault with a deadly weapon and two counts of felony vandalism. [Lodgment No. 1 at 171-175.] In the original Petition, Petitioner contends his federal constitutional rights were violated because: (1) the evidence was legally insufficient to prove co-defendant had the intent and the present ability to apply the physical force to Cortes and Laura Garcia, a necessary element of assault (and therefore Petitioner's convictions as an aider and abettor must be reversed); and (2) Petitioner's Sixth and Fourteenth Amendment rights to confrontation were violated by the admission of testimonial statements by witnesses not subject to cross-examination by Petitioner. [See Doc. No. 1 at 20 - 39; Lodgment No. 7 at 5 - 42.]

Respondent filed his Answer [Doc. No. 7] and Memorandum of Points and Authorities in Support of Answer to Petition for Writ of Habeas Corpus [Doc. No. 7-2] on December 22, 2006. Petitioner did not filed a Traverse.

On May 5, 2008, this Court issued a Report and Recommendation to United States District Judge M. James Lorenz under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. [Doc. No. 14.] In the Report and Recommendation, this Court recommended that District Judge Lorenz issue an Order: (1) approving and adopting the Report and Recommendation, and (2) directing that Judgment be entered denying the Petition in its entirety.

On June 4, 2008, Petitioner filed his Objections to the Report and Recommendation. [Doc. No. 15.] On the same date, Petitioner also filed (erroneously and without required court approval) a First Amended Petition. [Doc. No. 16.] The First Amended Petition purports to set forth the same two exhausted claims set forth in the original petition, as well as one additional unexhausted claim having to do with whether a prior juvenile conviction could be relied upon to enhance his sentence. [Doc. No. 16 at 8.]

On June 12, 2008, this Court issued a discrepancy order [Doc. No. 17] accepting for filing Petitioner's Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies. [Doc. No. 18.] On June 23, 2008, this Court issued an order (1) striking the First Amended Petition [Doc. No. 16], (2) directing the Clerk of the Court to attach the First Amended Petition as an exhibit to the Motion to Hold Proceedings in Abeyance, (3) deeming the Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies to be a Motion for Leave to File the First Amended Petition AND a Motion to Hold Proceedings in Abeyance Pending Exhaustion of State Remedies (hereinafter collectively the "motion to amend"), (4) setting a briefing schedule for the motion to amend and (5) staying the Report and Recommendation issued by this Court on May 5, 2008 [Doc. No. 14] pending resolution of the motion to amend. [Doc. No. 19.]

On July 8, 2008, Respondent filed an opposition to the motion to amend. [Doc. No. 20.] On August 12, 2008, petitioner filed a reply to respondent's opposition to the motion to amend. [Doc. No. 21.] On August 14, 2008, District Judge M. James Lorenz issued an order referring the motion

to amend to this court for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). [Doc. No. 22].

After reviewing the motion to amend, the opposition, and the reply, this Court recommends that the motion to amend be **DENIED.**

## II.  MOTION TO HOLD PROCEEDINGS IN ABEYANCE

On February 8, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court with regard to whether a prior juvenile conviction could be relied upon to enhance his sentence. [Doc. No. 18 at 4, ¶ 3.] On June 4, 2008, petitioner filed a motion to hold these proceedings in abeyance pending a decision by the California Supreme Court. [Doc. No. 18 at 1- 4.] On July 9, 2008, the California Supreme Court denied the petition for writ of habeas corpus regarding whether a prior juvenile conviction could be relied upon to enhance petitioner's sentence. [Doc. No. 21 at 15.] Therefore, Petitioner's motion to hold these proceedings in abeyance is now moot.[1]

## III.  MOTION TO AMEND

The original Petition stated the following claims for relief:  (1) the evidence was legally insufficient to prove co-defendant had the intent and the present ability to apply the physical force to Cortes and Laura Garcia, a necessary element of assault (and therefore Petitioner's convictions as an aider and abettor must be reversed); and (2) Petitioner's Sixth and Fourteenth Amendment rights to confrontation were  violated by the admission of testimonial statements by witnesses not subject to cross-examination by Petitioner. [See Doc. No. 1 at 20 - 39; Lodgment No. 7 at 5 - 42.]

The claim Petitioner wishes to add is as follows: "The judge relied on my juvenile prior obtained without a jury trial to impose a Three Strikes sentence." [Doc. No. 18-2 at 8.] Petitioner provides the following supporting facts to support the new claim: "My date of birth is June 26, 1974. On August 19, 1991, when I was 17, the juvenile court made a true finding I committed kidnaping with a firearm with a gang enhancement.  This is Case No. J73729.  I did not have a jury trial, and this prior conviction is now being used to qualify me for a Three Strikes sentence.  The United States

---

[1] Petitioner agrees that the motion to hold these proceedings in abeyance is now moot. See Doc. No. 21 at 2.

Constitution prohibits using a non-jury juvenile adjudication to increase the maximum sentence. Without this prior, I would have only one strike." [*Id.*]

Respondent argues that Petitioner should not be granted leave to amend the Petition because the new claim is being filed after the expiration of the statute of limitations and does not relate back to the claims in the original Petition, and because there is no basis for equitable tolling of the statute of limitations. [Doc. No. 20 at 2-4.]

## IV.  DISCUSSION

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions."  28 U.S.C. § 2242; *see also* Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(2) (providing that the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings").

Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding. *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2569 (2005).  In this case, Respondent has filed an answer to the Petition and this court has issued a report and recommendation with regard to the Petition.  Therefore, Petitioner must have leave of court to amend his Petition.

**A.  Statute of Limitations**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but 90 days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the California Supreme Court denied Petitioner's petition for review on July 13, 2005. (Lodgment 7, 8.) The ninety day period expired October 13, 2005. Thus, the statute of limitations (absent any tolling) expired on October 13, 2006.

Petitioner filed his original Petition on August 25, 2006, well within the limitations period. The filing of this federal petition did not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Petitioner filed his motion to amend on June 4, 2008, almost two years after the expiration of the statute of limitations. Accordingly, the new claim Petitioner seeks to add in his amended petition is outside the statute of limitations unless it relates back to the original claims, Fed. R. Civ. P. 15(c)(2), or unless the statute of limitations is equitably tolled. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003)

**B. Relation Back**

Under Rule 15(c), a petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *Id.* (citing Fed. R. Civ. P. 15(c)(2)). In *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562 (2005), the Supreme Court examined the interaction between the AEDPA statute of limitations and the relation back provisions of Rule 15(c)(2). The original petition in that case contained a single Sixth Amendment claim based on the admission of a witness's videotaped out-of-court statement. After the statute of limitations had run, the petitioner filed an amended petition, which added a Fifth Amendment claim stemming from the

admission of his pre-trial statements to the police and a Sixth Amendment claim of appellate counsel's ineffectiveness for failing to challenge the use of his statements on appeal. *Id.* at 2567-68.

To determine whether the petitioner's amended claims related back to the original petition, the Court focused on the "key words" of Rule 15(c)(2): "conduct, transaction, or occurrence," and found that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 2571-72. The petitioner's amended petition did not meet this standard because it "targeted separate episodes, the pretrial police interrogation of witness Williams in [the] original petition, [the petitioner's] own interrogation at a different time and place in [the] amended petition." *Id.* at 2572. Even though the petitioner had no actionable claim until the evidence was introduced at trial, the Court looked to the essential predicate of the two claims. *Id.* at 2572-73. The dispositive question in the new claim, alleging a Fifth Amendment violation, was the character of the petitioner's conduct at the police interrogation, not in court. *Id.* at 2573.

The Court also relied on Rule 2 of the Rules Governing § 2254 Proceedings, which instructs a petitioner to specify all grounds for relief and state the facts supporting each ground. "Under that Rule, Felix's Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim. Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an 'occurrence.'" *Mayle*, 125 S. Ct. at 2573. In a footnote, the Court cited two proper examples of "relating back." The first involved an original challenge to the prosecution's failure to comply with its obligation to provide exculpatory materials to the defense and an amended petition raising the failure to provide a particular report. The Court noted that both pleadings "related to evidence obtained at the same time by the same police department." *Id.* at 2575 n.7. The second involved an original petition challenging the trial court's admission of a witness's recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show the statements had been recanted. *Id.* The Court cited with approval the recognition that relation back would be appropriate if the new claim was based on the same facts as the original pleading but only changed the legal theory. *Id.*

The Ninth Circuit has not addressed the question of relation back of habeas claims in a published decision since *Mayle*. The First Circuit has examined the question and, consistent with its

reading of *Mayle*, strictly construed the relation back doctrine when considering an amended motion to vacate sentence under 28 U.S.C. § 2255. In *United States v. Ciampi*, 419 F.3d 20 (1st Cir. 2005), *cert. denied*, --- U.S. ----, 126 S. Ct. 2906 (2006), the original petition challenged, among other things, the district court's failure to adequately inquire into the petitioner's understanding of the provision for the waiver of appellate rights included in his plea agreement and ineffective assistance of counsel based on his attorney's failure to investigate misstatements in the indictment. *Id.* at 24. The petitioner then filed an amended petition raising counsel's ineffectiveness for failing adequately to advise the petitioner to appeal one of the counts of conviction and to explain the waiver of appeal. *Id.* at 22, 24.

The court in *Ciampi* found that the new claims did not relate back. Although both claims "generally related to [the petitioner's] 'understanding' of his appellate waiver," they focused on wholly different aspects and actors, which prevented a finding that the new claim related back to the original petition. *Id.* at 24. "[A]mended habeas corpus claims generally must arise from the 'same core facts,' and not depend upon events which are separate both in time and type from the events upon which the original claims depended." *Id.*

In this case, it is clear that the new claim Petitioner wishes to add does not relate back to the original Petition. Under *Mayle*, the relationship between the original Petition and the new claim must be stronger than the fact that both arose out of the "same trial, conviction, or sentence." *Mayle*, 125 S. Ct. at 2574. Here, the original claims had to do with whether there was sufficient evidence of assault, and whether certain witness statements should have been admitted at trial. The proposed new claim has to do with whether a prior juvenile conviction should have been used to enhance Petitioner's sentence. This claim does not arise from the same "core facts" and is clearly different in time and type from the claims in the original Petition. Therefore, the new claim does not relate back to the original claims.

**C. Equitable Tolling**

In rare instances, a petitioner may receive equitable tolling of the statute of limitations. See *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). Equitable tolling is appropriate only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir.2006) (citation omitted) (citing *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 539-40 (9th Cir.1998)). The burden of proof to show equitable tolling falls on the petitioner. See *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.2002).

Petitioner believes he is entitled to equitable tolling of the statute of limitations because of his medical condition and because prison policy denied him access to the law library and legal materials. [Doc. No. 21 at 11, ¶ 7.] As to his medical condition, plaintiff claims that he has been on various medications over the past three years. [Doc. No. 21 at 11, 12.] However, plaintiff does not state how, whether, or when those medications rendered him incapable of pursuing his legal remedies. Plaintiff does claim he had one seizure on March 25, 2008. [Doc. No. 21 at 12, ¶ 15.] However, this was one and a half years after the statute of limitations expired, and therefore does not provide a basis for tolling the statute. Moreover, there is no indication of the severity of the seizure or how long it may have rendered him incapable of pursuing legal remedies. Petitioner also claims that he was hospitalized in September 2006, but does not state how long he was hospitalized or for what reason. [Doc. No. 21 at 13, ¶ 19.] Finally, Petitioner also refers to medical problems he had resulting from a lack of a gluten-free diet. [Doc. No. 21 at 12.] Again, these problems appear to have taken place after July 2007, or eight months after the statute of limitations expired. There is also no specific evidence as to whether the lack of such a diet incapacitated Petitioner to the point where he was incapable of pursuing his legal remedies. Petitioner has simply failed to meet his burden of proof that his alleged medical conditions made it impossible for him to file his new claim in a timely fashion. *See Lampert*, 465 F.3d at 969; *Miranda*, 292 F.3d at 1065. Therefore, Petitioner's claimed medical problems do not provide a basis for equitable tolling.

Petitioner also alleges that while he was at Salinas Valley State Prison, from July 2004 through December 2006, the "prison had lockdowns which completely precluded library access and occasionally would go off lockdown and grant law library access but only to those with a filing

deadline." [Doc. No. 21 at 13, ¶ 17.][2] Later, petitioner alleges that his property, including his legal papers, were taken and that the prison was on lockdown almost continuously throughout September, October and November, "with only one or two weeks off during the entire period" but where even then he was "denied access to the law library and to vocational programs due to the lockdown." [Doc. No. 21 at 13, ¶ 20.] While Petitioner has made specific allegations regarding the duration of the lockdowns, he has provided no evidence of the existence of those conditions. It is not clear how many lockdowns there were during the stretch Petitioner cites, or if there were opportunities between lockdowns for Petitioner to use the law library. But even if Petitioner was prevented from using the prison law library from time to time in September and October of 2006, he still would have lost only a few weeks within the limitations period. Standing alone, this impediment does not amount to "extraordinary circumstances." See *Lampert*, 465 F.3d at 969; *United States v. Cicero*, 214 F.3d 199, 203-04 (D.C.Cir.2000) (finding that interruptions to a prisoner's access to the law library during the final months of the limitations period did not constitute extraordinary circumstances); *United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (holding that brief security lockdowns "could hardly be characterized as an 'extraordinary circumstance' "); cf. *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir.2002) (finding that transfers which resulted in a prisoner's loss of access to legal materials for eighty-two days, during a time when there were open questions about the proper method of statutory tolling during the pendency of the prisoner's petition in state court, appear to satisfy the extraordinary circumstances requirement for equitable tolling).

Additionally, while Petitioner claims that the lockdowns prevented him from visiting the prison law library to prepare his motion, he does not claim that he made any effort to file his motion after the lockdowns began. *See Spitsyn*, 345 F.3d at 802 (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000)) (noting that "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation

---

[2] Petitioner also makes allegations about lockdowns while he was at Kern Valley State Prison and Centinela State Prison. [See Doc. No. 21 at 13, ¶¶ 21-25.] However, his incarceration at those prisons was well after the statute of limitations had expired and therefore they do not provide a basis for equitable tolling.

between the extraordinary circumstances and the failure to file is broken.") Therefore, equitable tolling does not apply.

### IV.  CONCLUSION

Based on the foregoing analysis, this Court **RECOMMENDS** that Petitioner's Motion for leave to file the Amended Petition be **DENIED**, that this action **PROCEED FORWARD** with the claims in the original Petition and that the stay on this Court's previous Report and Recommendation [Doc. No. 14] be **LIFTED** .

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

On or before **October 10, 2008**, any party may file and serve written objections with the Court and serve a copy on all parties.  The document shall be entitled "Objections to Report and Recommendation."  Any reply to the objections shall be filed and served no later than **ten days after being served with the objections**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  September 8, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge