1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARCOS ANTONIO ORTIZ,              )     Civil No. 06cv1752 L(CAB)
                                        )
12                     Petitioner,      )     **ORDER ADOPTING REPORT AND**
                                        )     **RECOMMENDATION [doc. #23];**
13   v.                                 )     **DENYING MOTION TO HOLD**
                                        )     **PROCEEDINGS IN ABEYANCE AS**
14   MIKE EVANS, *et al.*,              )     **MOOT and DENYING LEAVE TO**
                                        )     **FILE AN AMENDED PETITION**
15                     Respondents.      )     **[doc. #18]**
                                        )
16   _____)

17         Petitioner, Marcos Antonio Ortiz, filed a *pro se* Petition for Writ of Habeas Corpus under

18   28 U.S.C.  § 2254.  The matter was referred to United States Magistrate Judge Cathy Ann

19   Bencivengo, for a Report and Recommendation ("Report").  *See* 28 U.S.C. § 636(b)(1)(B) and

20   Civil Local Rule 72.3.  The magistrate judge issued a Report recommending the petition be

21   denied and requiring objections, if any, to the Report to be filed no later than June 9, 2008.  [doc.

22   #14]  Petitioner timely filed objections to the Report on June 4, 2008. [doc. #15]  At the same

23   time, petitioner filed a motion to hold proceedings in abeyance pending exhaustion of a claim in

24   state court and to file a first amended petition. [doc. #18]  On September 8, 2008, the magistrate

25   filed an additional Report and Recommendation ("Report II") directed exclusively to petitioner's

26   motion.  Petitioner filed an objection to the Report II addressing the single issue of whether

27

28

                                                                                      06cv1752

1    equitable tolling should be applied in this case [doc. #25].[1]

2        This Order concerns petitioner's motion to hold proceedings in abeyance and to amend

3    the petition for writ of habeas corpus only.  The Court will enter a separate order with respect to

4    the petition for writ of habeas corpus.

5        **1.    Legal Standard**

6        A district judge "may accept, reject, or modify the recommended decision" on a

7    dispositive matter prepared by a magistrate judge proceeding without the consent of the parties

8    for all purposes.  FED. R. CIV. P. 72(b); *see* 28 U.S.C. § 636(b)(1).  "The court shall make a *de*

9    *novo* determination of those portions of  the [report and recommendation] to which objection is

10   made." 28 U.S.C. § 636(b)(1).  Section 636(b)(1) does not require some lesser review by the

11   district court when no objections are filed.  *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  The

12   "statute makes it clear that the district judge must review the magistrate judge's findings and

13   recommendations de novo *if objection is made, but not otherwise*."  *United States v. Reyna-*

14   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in the original);  *see Schmidt v.*

15   *Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to

16   habeas review).

17       **2.    Motion to Hold Proceedings in Abeyance**

18       As noted in Report II, petitioner sought to hold the present proceedings in abeyance

19   pending a determination in the California Supreme Court of his petition for writ of habeas

20   corpus.  His state court petition concerned an enhancement of his sentence with a prior juvenile

21   conviction – the same claim he would like to present here in an amended petition.[2]  As the

22   magistrate judge noted, because the California Supreme Court denied the petition on July 9,

23   2008, petitioner's motion to hold the proceedings in abeyance is moot.  Petitioner has not

24   objected to this finding.  Accordingly, the Court denies this motion.

25

26       [1]    Petitioner filed his objection to Report II on October 3, 2008 [doc. #25] and filed it

27   a second time on October 13, 2008.

28       [2]    Petitioner states his claim as:  "The judge relied on my juvenile prior obtained
     without a jury trial to impose a Three Strikes sentence." [Doc. No. 18-2 at 8.]

### 3.       Motion to Amend the Petition

Petitioner seeks to add the wrongful enhancement of sentence claim to his current petition.  As the magistrate judge correctly noted and petitioner does not dispute, petitioner is required to seek leave to amend his petition in this case.

The Report II sets forth that the claim is barred by the applicable statute of limitations. Petitioner does not suggest otherwise.  But a claim may be added if it relates back to the original claims, Federal Rule of Civil Procedure 15(c)(2), or if the statute of limitations is equitably tolled.  *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003).

### A.       Relation Back

As the magistrate judge carefully sets forth, petitioner's proposed new claim concerning sentencing enhancement based on a juvenile offense does not relate back to his original petition. Petitioner has not objected to this portion of Report II.  Accordingly, the Court adopts Report II's recommendation that the motion to amend the petition be denied because the proposed claim does not relate back to the original petition.

### B.       Equitable Tolling

Because the proposed claim does not relate back to the original petition, petitioner must demonstrate that he is entitled to equitable tolling in order to assert a claim that is barred by the applicable statute of limitations.  As discussed in Report II, the one-year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).  After reviewing the record presented by petitioner, the magistrate judge concluded that petitioner was not entitled to equitable tolling based on his medical condition or his alleged lack of adequate access to the law library and legal materials.   Petitioner objects to these findings.

 Petitioner contends that equitable tolling should be applied in his case because of his long-standing medical condition.  As noted in Report II, the statute of limitations expired in this

case on October 13, 2006.[3]  (Report II at 5.)  Petitioner argued in his motion that he has been on various medications; he had a seizure on March 25, 2008; was hospitalized in September 2006; and had medical problems based on a non gluten-free diet.  As the magistrate judge discussed, petitioner's statements do not indicate "how, whether, or when those medications rendered him incapable of pursuing his legal remedies."  (Report II at 8.)  Petitioner neither details the severity of his seizure and how long it may have incapacitated him from pursuing this claim nor sets forth how the lack of a gluten-free diet prevented him from filing the new claim until after the statute of limitations had passed.   The magistrate judge therefore found that petitioner "failed to prove that his medical conditions made it impossible for him to file his new claim in a timely fashion." *Id.*

In filing his objection to the issue of equitable tolling, petitioner appended a massive number of pages of records in support of his contention that his medical condition prevented him from asserting his new claim within the limitations period.  Petitioner fails to understand that merely presenting pages of records does not provide proof that he was unable to file his claim.  The Court does not doubt that petitioner had and continues to have health issues.  But records standing alone do not address the question of how his ailments prevented him from asserting his claim during the relevant time period. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), as amended 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 979 (2007) (in analyzing the equitable tolling issue, courts focus on the relevant time period, *i.e.*, the time period of petitioner's one-year statute of limitations.).   Here, other than his conclusory assertions that he was having medical problems "from the beginning of his incarceration," petitioner fails to specify when and how he was incapable of filing this new claim within the limitations period.

Additionally, and perhaps most importantly, petitioner did file a habeas corpus petition within the limitations period.  What he did not do is file his timely petition with the claim he now seeks to assert.  It is obvious that petitioner was not so incapacitated by his medical condition during the one-year limitation period of AEDPA that he was unable to file his habeas

---

[3]         Petitioner has not objected to this finding.

petition:  "Petitioner filed his original Petition on August 25, 2006, well within the limitations period."  (Report II at 5.)  There is nothing in the record to suggest that petitioner's medical condition prevented him from asserting the proposed enhancement of sentence claim he now seeks to add to his petition within the limitations period.

For this same reason, petitioner has not shown that lockdowns, lack of prison library access or access to his legal papers occurred during the limitations period sufficient to make it impossible to file the proposed new claim on time.  Notwithstanding any inconvenience surrounding lockdowns or lack of access to the law library and his legal materials he may have endured, he filed his petition timely.  In the absence of any evidence to the contrary, petitioner could have filed his proposed claim timely, *i.e.*, at the same time he filed his petition. Accordingly, equitable tolling is not available in the present circumstances.

**4.    Conclusion**

The Court has reviewed the Report II, petitioner's objection thereto, and his motion to amend the petition.  Based on the foregoing, **IT IS ORDERED** adopting the September 8, 2008 Report and Recommendation [doc. #23] in its entirety and overruling petitioner's objection [doc. #25].  **IT IS FURTHER ORDERED** denying as moot petitioner's motion to hold proceedings in abeyance.  **IT IS FURTHER ORDERED** denying petitioner's motion to amend the petition. **IT IS FURTHER ORDERED** that the action proceed forward with the claims in the original petition and that the stay of the Court's previously issued Report and Recommendation [doc. #14] is lifted.

**IT IS SO ORDERED.**

DATED:  January 9, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY A. BENCIVENGO
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL

06cv1752

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

06cv1752