UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTONIO ORTIZ,<br><br>        Petitioner,<br><br>v.<br><br>MIKE EVANS, *et al.*,<br><br>        Respondents. | Civil No. 06cv1752 L(CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [doc. #14];OVERRULING PETITIONER'S OBJECTIONS; DENYING PETITION FOR WRIT OF HABEAS CORPUS and DIRECTING ENTRY OF JUDGMENT** |

Petitioner, Marcos Antonio Ortiz, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Cathy Ann Bencivengo, for a Report and Recommendation ("Report"). *See* 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. The magistrate judge issued a Report recommending the petition be denied and requiring objections, if any, to the Report to be filed no later than June 9, 2008. [doc. #14] Petitioner timely filed objections [doc. #15] to the Report on June 4, 2008.[1]

---

[1] At the same time that he filed objections to the Report, petitioner filed a motion to hold proceedings in abeyance pending exhaustion of a claim in state court and to file a first amended petition. [doc. #18] On September 8, 2008, the magistrate filed an additional Report and Recommendation ("Report II") directed exclusively to petitioner's motion. Petitioner filed an objection to the Report II addressing the single issue of whether equitable tolling should be applied in this case [doc. #25]. The Court adopted the Report, denied holding the proceedings in abeyance, and denied the motion to file a first amended complaint. (Order filed January 9, 2009.)

### 1. Legal Standard

A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. FED. R. CIV. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "The court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Section 636(b)(1) does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in the original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

### 2. Objections

Petitioner brings two claims in his habeas petition: 1. the evidence was insufficient to prove a necessary element of assault; and 2. his right to confrontation under the Sixth Amendment was violated by allowing the gang expert to testify based on information that was not subject to cross examination, and by admitting evidence of statements not subject to cross examination. Petitioner objects to the Report with respect to Claim 2 only.[2]

Petitioner was charged in a multi-count information with assault with a deadly weapon and/or means of force likely to cause great bodily injury, and vandalism. (Lodgment 1 at 2-3.) The information also alleged that petitioner committed the felony offenses for the benefit of, at the direction or, and in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members. CAL. PEN. CODE § 186.22(b)(1).[3]  The jury found petitioner had committed the offenses in counts two through five

---

[2] Because petitioner has not objected to the Magistrate Judge's recommendation that the first claim be dismissed, the Court will adopt the Report on this claim without further review.

[3] The Street Terrorism Enforcement and Prevention Act ("STEP Act"), California Penal Code § 186.22 provides in relevant part that:

"for the benefit of, at the direction of, or in association with any criminal street gang," which resulted in a sentencing enhancement under the STEP Act. *Id.*

Petitioner argues that the trial court violated the confrontation clause of the Six Amendment as analyzed in *Crawford v. Washington*, 541 U.S. 36 (2004). Specifically, petitioner contends that the admission of Ramirez's and Martinez's guilty pleas was improper under *Crawford* and Detective Friedrich's experts opinion that petitioner was a member of the South Los gang was based on information that was not subject to cross examination in violation of the confrontation clause of the Sixth Amendment.  (Lodgment No. 7 at 5-42.)

A primary interest secured by the Confrontation Clause of the Sixth Amendment is the right of an accused in a criminal prosecution to confront and cross-examine witnesses against him. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986); *Davis v. Alaska,* 415 U.S. 308, 315 (1974). In *Crawford*, the Supreme Court set forth a new standard for determining whether the admission of out-of-court statements constituted a Confrontation Clause violation: "Where *testimonial evidence* is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford,* 541 U.S. at

---

(a) Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years.

(b)(1) Except as provided in paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows:

(A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion.

(B) If the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years.

(C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years.

68 (emphasis added).  The Supreme Court provided some examples of testimonial statements including the following: (1) ex parte in-court testimony, affidavits, custodial examinations, and prior testimony; (2) "pretrial statements that declarants would reasonably expect to be used prosecutorially"; (3) "formalized" materials like depositions and confessions; and (4) "statements that were made under circumstances which would lead an objective witness to reasonably believe that the statement would be available for use at a later trial." *See id.* at 51- 52.  The Supreme Court also stated that "prior testimony at a preliminary hearing, before a grand jury, or at a former trial" and statements made during a police interrogation are testimonial.  *Id.* at 68.

In contrast, non-testimonial statements do not implicate the Confrontation Clause. *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009 )(citing *Whorton v. Bockting*, 127 S. Ct. 1173, 1183 (2007) (explaining *Crawford* ).  Here, the issue of whether the admission of co-defendants' guilty pleas and convictions violates *Crawford* is answered by determining whether that evidence was testimonial or non-testimonial.  Petitioner maintains that evidence of convictions based on the guilty pleas of Martinez and Ramirez is the functional equivalent of prior testimony, and therefore prohibited under *Crawford* because neither Martinez nor Ramirez was available for cross-examination.

In addressing the issue of what non-testimonial evidence is, the Ninth Circuit concluded that:

> the records of conviction and the information contained therein, the fingerprints and the photographs [and] public records, such as judgments, are not themselves testimonial in nature and that these records do not fall within the prohibition established by the Supreme Court in *Crawford*.

*U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005)(citing *Crawford*, 541 U.S. at 56).

Because the court records reflecting Martinez's and Ramirez's guilty pleas and convictions are non-testimonial evidence, their admission did not implicate the Confrontation Clause.  *Crawford's* holding regarding the difference between testimonial and non-testimonial out-of-court statements constitutes "clearly established Federal law" under 28 U.S.C. § 2254(d)(1) for purposes of  review of the state appellate court's decision.  *See Lockyer v, Andrade*, 538 U.S. 63, 71-72 (2003).  The state court properly applied *Crawford's* holding to the

evidence of the guilty pleas and convictions of Martinez and Ramirez,  Therefore, the state court's denial of this portion of petitioner's claim on appeal was not contrary to clearly established Supreme Court law nor was it an unreasonable application of the legal principle established by *Crawford*.  28 U.S.C. § 2254(d).

Petitioner also argues that Detective Friedrich's expert testimony that petitioner Ortiz and co-defendant Garcia were South Los gang members was based on impermissible hearsay, *i.e.,* field investigation reports, admissions by Ortiz and Garcia as to their gang member status, interviews he conducted with members of the gang, and intelligence he reviewed on a daily basis with respect to their activities. (RT 820.)   According to petitioner, the expert's testimony should have been excluded under *Crawford's* analysis of the Confrontation Clause.

At trial, the court offered a limiting instruction concerning the gang expert's testimony:

> Friedrich has testified that he considered information received from other officers, gang members information documented in Cal Gangs, F.I. or Field Investigation Cards, police reports, information documented in a gang book, in formulating an opinion.  An expert is entitled to rely upon certain hearsay matters.  Hearsay matters are only to be considered by you in evaluating the basis of the expert's opinion and are not to be considered for the truth of the matter asserted.
> In addition, Eric Friedrich has testified on several occasions that either [co-defendant] or [Ortiz] has made admissions of the gang membership, *i.e.,* claims South Los.  At particular times you were instructed that such an admission may only be used as they might pertain to the defendant's making such an admission and cannot be used against his co-defendant for any purpose.
> Evidence has been introduced that each defendant is a member of a particular gang.  Such evidence, if believed, was not received and may not be considered by you to prove that he is a person of bad character or that he has a disposition to commit crimes.  Such evidence was received and may be considered by you only for the limited purpose of determining . . . if it tends to show the identity and motive of the person who committed the crimes, if any, of which the defendant is accused, the existence or nonexistence of a bias or interest of any witness.

(Lodgment 1, Vol. 1, at 108-109.)

In reviewing petitioner's contention that notwithstanding the limiting instruction, the legal basis for the admission of the expert's opinion ran afoul of *Crawford*, the California Court of Appeals noted that *Crawford*

> does not undermine the established rule that experts can testify to their opinions on relevant matters, and relate the information and sources upon which they rely in forming those opinions.  This is so because an expert is subject to cross-examination about his or her opinions and additionally, the materials on which the expert bases his or her opinion are not elicited for the truth of their contents; they

1          are examined to assess the weight of the expert's opinion.

2 (Lodgment 6 at 15-20.)

3     In a recent federal case, the court noted that *Crawford* (1) did not address the
4 confrontation issue in the context of an expert's opinion and (2) does not bar an expert from
5 relying on otherwise inadmissible evidence in formulating his opinion. *See U .S. v. Law*, 528
6 F.3d 888, 911-12 (D.C. Cir.2008) (finding no Confrontation Clause violation based on
7 admission of expert's testimony based on his experience investigating narcotics activity because
8 expert did not simply convey out-of-court statements made by declarants); *cf. U.S. v. Mejia*, 545
9 F.3d 179, 198-200 (2d Cir. 2008) (finding Confrontation Clause violation where police expert
10 merely repeated the content of witness statements made during interviews, as opposed to relying
11 on them in formulating his expert opinion, but concluding that error was harmless).

12     In the present case, in forming his opinion the expert witness relied on background
13 information that would otherwise be inadmissible evidence. However, because he did not recite
14 the contents of the hearsay information to the jury and petitioner's trial counsel was able to
15 cross-examine the expert witness concerning the materials he used in forming his opinion, there
16 was no violation of the Confrontation Clause as analyzed in *Crawford.* The state court's denial
17 of petitioner's Confrontation Clause claim was not contrary to, or an unreasonable application of,
18 clearly established Supreme Court law. 28 U.S.C. § 2254(d). Therefore, petitioner's objection
19 to the Report is overruled and his petition for habeas corpus as to his second claim will be denied
20 with prejudice.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### 3. Conclusion

The Court has reviewed the Report, petitioner's objection thereto, and the record *de novo* with respect to the portions of the Report to which petitioner objected.

Based on the foregoing, **IT IS ORDERED**:

1. Adopting the Report and Recommendation [doc. #14] in its entirety and overruling petitioner's objection [doc. #15];

2. Denying with prejudice petitioner's petition for writ of habeas corpus; and

3. Directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: June 16, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY A. BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL